UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
03-10361-RWZ

UNITED STATES OF AMERICA

v.

SCOTT FINK

MEMORANDUM AND ORDER ON GOVERNMENT'S
MOTION FOR DETENTION

January 21, 2004

COHEN, M.

The above-named defendant was arrested on the basis of an indictment charging conspiracy to distribute cocaine.  On the occasion of his first appearance, te government moved for pretrial detention on the grounds of danger to the community and risk of flight.  That detention hearing was held on January 8, 2004.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person."  Thus, a defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C. 3142(a).

Under §3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence, after a detention hearing under the

provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the safety of any other person or the community....", or if the judicial officer finds by <u>a preponderance of</u> the evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the appearance of the person as required ...".[1]

B.  The government is entitled to move for detention on grounds of danger to the community in a case that--

(1) involves a crime of violence within the meaning of §3156(a)(4);

(2) involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[2] or more; <u>or</u>

(4) involves <u>any</u> felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled

---

[1] The distinction between the former and latter are made clear by the very language of Section 3142(f). In the last paragraph of that section, Congress has stated there must be <u>clear and convincing</u> evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the <u>safety of any other person and the community...</u>". (Last emphasis added).  By not requiring that same standard <u>vis a vis</u> an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence--applies.  And that is precisely the holding in this and other Circuits.  See <u>e.g.</u>, <u>United States</u> v. <u>Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991); <u>United States</u> v. <u>Jackson</u>, 823 F.2d 4, 5 (2d Cir. 1987); <u>United States</u> v. <u>Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir.), <u>cert. dismissed</u>, 107 S.Ct. 562 (1986); <u>United States</u> v. <u>Chimurenga</u>, 760 F.2d 400, 405 (2d Cir. 1985); <u>United States</u> v. <u>Himler</u>, 797 F.2d 156, 161 (3d Cir. 1986).

[2] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See <u>United States</u> v. <u>Moss</u>, __ F.2d __, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning--

   (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (b) the weight of the evidence against the accused;

   (c) the history and characteristics of the person, including--

   (i) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (ii) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (d) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider two <u>rebuttable</u> presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the <u>safety</u> of any other person or the community if the

judicial officer finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of §3156(a)(4) [or a state crime of violence within the meaning of §3156(a)(4) if the offense would have been a <u>federal</u> offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of marihuana, with intent to distribute--, or the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.

<u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of 18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.

Insofar as the latter "presumption" is applicable in assessing "risk of flight", the burden remains with the government to establish "...that no condition or combination of conditions will reasonably assure the appearance of the person as required....". In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence", United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to him for whatever reason advanced. At this point, this court must weigh all relevant factors [set forth under §3142(g)], and then determine whether any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required....".  The decision is an individualized one based on all relevant factors. See United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).[3]

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of

---

[3]  The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d).  On later occasion, the United States Court of Appeals has observed, inter alia:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, Jessup, 757 F.2d at 387--to be considered along with other factors.

United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); see also, United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

probable cause, and triggers the applicability of the particular presumption. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d 157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986); United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v. Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985).

Moreover, one may be considered a danger to the community even in the absence of a finding by clear and convincing evidence that the accused will engage in physical violence. To the contrary, as noted by the Committee on the Judiciary (Report of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress, Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community." (Emphasis added; footnotes omitted).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S. 962 (1980)(trafficking in controlled substances).[4]

---

[4] A defendant may be ordered detained as a danger to the safety of another or to the community, however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18 U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D). That is to say, even if a detention hearing is appropriate under Sections 3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses], danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing is appropriate under that latter section. See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

Finally, the presumptions are applicable if the judicial officer finds probable cause to believe that the accused has committed one of the predicate offenses referred to above, even if the charge before the court does not involve that particular offense. See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[5]

II.  For reasons still not clear to this court, the defendant declined to be interviewed by Pretrial Services[6] or answer questions *vis a vis* his current roots when he

---

    Given the charge in this case, the statutory presumptions are clearly applicable to this court.

[5]    In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding.  The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia.  This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute.  The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play.  But a formal charge, as such, is only one method by which to give that fair notice.  For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery.  That is clearly fair notice.

[6]    Counsel, equating the Fifth Amendment proscription against self-incrimination with some sort of "right to be silent",  allowed that he advised the defendant not to be interviewed by Pretrial Services on the general grounds of the Fifth Amendment.  For one thing, as any lawyer even casually familiar with Fifth Amendment (and Sicth Amendment to the extent that the right to counsel attaches) jurisprudence well knows, however, it is overly simplistic to suggest that the Fifth Amendment guarantees a "right to remain silent'.  That much is settled from the holding in *Murphy v. Waterfront Com'n of New York Harbor*,  378 U.S. 52, 100-101 (1964), where the Court observed (*Id.*):

> If the compelled incriminating testimony in a state proceeding cannot be put to any use whatsoever by federal officials, quite obviously the witness' privilege against self-incrimination is not infringed. For the privilege does not convey an absolute right to remain silent. It protects a witness from being compelled to furnish evidence that could result in his being subjected to a criminal sanction, *Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814; *Mason v. United States*, 244 U.S. 362, 37 S.Ct. 621, if, but only if, after the disclosure the witness will be in greater danger of prosecution and conviction. *Rogers v. United States*, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344; *United States v. Gernie*, 252 F.2d 664 (C.A.2d Cir.). (Emphasis added).

That is the case here, since the use of that which defendant may impart to a Pretrial Officer during the course of an interview is specifically proscribed from use under the provisions of 18 U.S.C. § 3153(c)(1).

    Moreover, the Firth Amendment privilege against self-incrimination does not proscribe an interview by Pretrial Services.  It only guarantees that a defendant need not answer a question or questions if the answer to the question or questions would be incriminating on a question by question basis - not a blanket privilege against being interviewed.

    And finally, in this case, counsel for defendant has not even made out a colorable claim that answers to certain questions concerning his roots - *e.g.*, where he lives, his age, his date of birth, his Social Security number, where he was born, the names and locations of his immediate family members - would be incriminating within the

first appeared before this court. That said, this court knows only the following in terms of personal history characteristics within the meaning of 18 U.S.C. § 3142(g): (1) that the defendant's name is Scott Fink; and (2) that the defendant has a very significant prior criminal record, the results of which, most likely, qualify him as a career offender within the meaning of the Sentencing Guidelines.

    III.  The record evidence, all of which is detailed in the Affidavit of Special Agent Joseph S. Realmuto (Government's Exhibit 1 at the detention hearing) clearly and unequivocally shows that the defendant conspired to distribute cocaine as charged in the indictment.

    IV.  In the circumstances, this court finds and concludes that no condition or combination of conditions - short of pretrial detention - would reasonably assure the safety of the community or the presence of the defendant.

    Given the nature of the charges, the statutory presumptions referred to above, pp. 3-7, *supra*, clearly apply to this case. Thus, wholly apart from the record evidence,[7] since defendant has proffered absolutely nothing[8] in opposition to the effect of those

---

meaning of Fifth Amendment jurisprudence. To the contrary, those are (at least in this case, so far as this court can determine - and counsel for defendant has added nothing on this score beyond a blanket suggestion of some sort of right to remain silent) rather unremarkable matters which matters which comfortably fit into the "booking" exception to the Sixth Amendment as acknowledged by the Supreme Court of the United States as well as this Circuit. *E.g.*, *Pennsylvania v. Muniz*, 496 U.S. 582, 600-602 (1990); *United States v. Reyes*, 225 F.3d 71 (1st Cir. 2000); *United States v. Duartte*, 160 F.3d 80 (1st Cir. 1998).

    [7]  Including the fact that, most likely, the defendant, upon conviction, as a career offender, will face a <u>mandatory minimum</u> sentence of imprisonment for thirty years.

    [8]  Either in terms of providing identifying information relevant to a determination under Section 3142(g) to Pretrial Services, or before this court. Indeed, counsel for defendant eschewed any argument on the question of detention.

statutory presumptions,[9] those statutory presumptions, standing alone, carry the day, and warrant detention on the grounds of risk of flight and danger to the community.

    V.  IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

    (1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

    (3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] "[T]he presumption does not disappear. The burden of persuasion remains on the government <u>and the rebutted presumption retains evidentiary weight</u>." (Emphasis added).

<u>United States</u> v. <u>Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). <u>See</u> <u>also</u>, <u>United States</u> v. <u>Rodriguez</u>, 950 F.2d 85, 88 (2d Cir. 1991).

    That does not mean, of course, that the presumption is conclusive. The question is whether the defendant has produced some evidence to show 'that what is true in general is not true in [his] case....".  <u>Jessup</u>, <u>supra</u>, at 384.