UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO: 03-10361-RWZ |
| v. ) | |
| ) | |
| JOHN MELO et al. ) | |

**OPPOSITION TO SCOTT FINK'S MOTION TO**
**STRIKE LANGUAGE FROM THE INDICTMENT AS SURPLUSAGE**

Defendant Scott Fink has moved to strike the "Notice of Additional Factors" included in the Superseding indictment. This motion is meritless and should be denied.

The indictment includes a notice which alleges the applicability to this case of sentencing enhancement factors set forth in the Sentencing Guidelines. The government provides this notice in anticipation of seeking a jury determination regarding the existence of the charged factors.

The government has adopted this course in light of the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). In that case, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment where a pertinent sentencing finding was made by a judge rather than a jury. The Supreme Court held that this procedure violated the principle set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury

under a reasonable doubt standard.  The Blakely Court stated that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely, 124 S. Ct. at 2537 (emphasis in original).

The Blakely Court stated that it passed no judgment on the federal guidelines.  See id. at 2538 n.9.  It is the government's view that Blakely does not apply to the federal guidelines, which have repeatedly been upheld by the Supreme Court, and which differ in material respects from the Washington state scheme at issue in Blakely.  This Court may elect to rule in advance of trial regarding its intent to apply Blakely at sentencing.  The government has prepared a lengthy brief regarding the issue and will submit it in advance of sentencing if the Court so directs. It is the government's position that: (a) Blakely does not apply to the federal guidelines, and (b) if Blakely does apply, and in a particular case bars the application of a sentencing enhancement in the absence of a jury finding or defendant's admission, the guidelines as a whole are not severable and should not be employed in that case, except as a guide to the exercise of the court's discretion.

However, even if this Court shares the government's view with respect to either argument, we nevertheless deem it prudent

to obtain a jury verdict to protect against the possible impact of adverse appellate decisions. It must be recognized that the Supreme Court, applying the reasoning of Blakely, may ultimately hold that with regard to the application of federal sentencing enhancements, it is necessary for any fact supporting a sentencing enhancement or upward departure to rest on a jury verdict. The Court may also decline the government's alternative argument regarding the inability to sever the guidelines, and direct that the existing guidelines be applied through jury fact-finding. For this reason, and in order to protect against the possibility of an unjustly low sentence in this case in the event that Blakely is so extended, the government has elected, as a protective measure, to charge the pertinent enhancement factors and seek a jury determination regarding each.

The notice provided to the defendant is not subject to abrogation as surplusage. In general, the Court may strike, as surplusage and superfluous, language which unfairly prejudices the accused. United States v. Vastola, 899 F.2d 211, 231 n.25 (3d Cir.), vacated on other grounds, 497 U.S. 1001 (1990). See also United States v. Pungitore, 910 F.2d 1084, 1142 & n.83 (3d Cir. 1990). A motion to strike surplusage is permitted under Rule 7(d) of the Federal Rules of Criminal Procedure. However, "the scope of a district court's discretion to strike material

from an indictment is narrow." United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997). "The standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980). A "motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998), quoting 1 Charles Alan Wright, Federal Practice and Procedure § 127, at 426 (1982). See also United States v. Behenna, 552 F.2d 573, 576 (4th Cir. 1997); United States v. Root, 366 F.2d 377, 381 (9th Cir. 1996); United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990); United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990); United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990); United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990). "Material that can be fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial." Oakar, 111 F.3d at 157.

The sentencing factors described in the indictment are neither irrelevant nor unduly prejudicial. Rather, they are the very factors which by law are pertinent to the determination of the defendant's sentence in this case. While the government traditionally would not seek to include these factors in the

indictment itself, it has done so in anticipation of the defendant's claim, based on Blakely, that such notice afforded by the grand jury is essential to the Court's power to impose the sentence permitted by law.

To the extent Fink is prepared to stipulate that the principles announced in Blakely do not apply to the federal sentencing guidelines and that Blakely is not the wellspring of new or additional rights for federal defendants, the government would agree that there is no need for the "Notice of Additional Factors" in the indictment.  If, however, Fink intends to assert Blakley-like rights in his own case, then his motion to suppress is an unfair effort to "have it both ways," i.e. to assert a right to have notice of all sentence-enhancing factors the government intends to prove at trial while at the time seeking to strike that very notice from the indictment.

In short, absent a waiver of al Blakely rights by the defendant, the notice of additional factors is relevant to sentencing issues and is not inflammatory or unfairly prejudicial.  Judge Dalzell recently so held in denying a motion identical to the defendant's.  United States v. Cintron, Crim. No. 03-675-02 (E.D. Pa. Aug. 19, 2004) (Dalzell, J.) (unpub.). He ruled:  "Although the additional factors in the superseding indictment are not elements of the charged offenses, they are

nevertheless relevant to the charged offenses because, if proven to and found by a jury, they would permit enhancement of the defendants' sentences under the Sentencing Guidelines." As Judge Dalzell recognized, in full accord with the purpose of an indictment, the indictment puts the defendant on notice of additional facts concerning the offense which may be relevant for purposes of sentencing. Cf. United States v. Stansfield, 171 F.3d 806, 811 (3d Cir. 1999) (the purpose of an indictment is to identify the defendant's alleged offense and "fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have" (internal quotation marks omitted)). Moreover, any concerns about prejudice that Fink might suffer may be alleviated by withholding submission of the additional facts, where necessary, until after the jury first has determined guilt. In that circumstance, the notice of additional factors plainly would not be inflammatory or unduly prejudicial to the defendant because the sentencing factors would be submitted to the jury only during the sentencing phase and not during the finding of guilt phase.

The convening of a jury for sentencing factors was authorized in United States v. Henry, 282 F.3d 242, 253 (3d Cir. 2002) ("We find it consistent with the mandate of Apprendi to remand for a jury to determine these facts beyond a reasonable

doubt.  This is what Henry requested in the District Court.  We see no reason why a jury cannot be convened for the sole purpose of deciding the facts that will determine the sentence.  After all, that is the job of the jury as fact-finder.").

The same procedure applies where the defendant was previously convicted at a trial at which the sentencing factors were not submitted to a jury.  United States v. Booker, 375 F.3d 508, 514 (7th Cir. 2004), cert. granted on other grounds, 2004 WL 1713654 (U.S. Aug. 2, 2004); United States v. Ameline, 376 F.3d 967, 983-84 (9th Cir. 2004); United States v. Landgarten, 325 F. Supp. 2d 234 (E.D.N.Y. 2004).  See also United States v. Khan, 325 F. Supp. 2d 218, 226-27 (E.D.N.Y. 2004) (Judge Weinstein explains the historical basis for a sentencing jury, and concludes that a court may proceed by analogy to the use of a civil jury finding damages; "Where there is no specific rule on a subject covered in the Federal Rules of Criminal Procedure, the civil rule or practice may be borrowed.  Rule 57(b) of the Federal Rules of Criminal Procedure explicitly provides that when there is no controlling law, 'a judge may regulate practice in any manner consistent with federal law'").  The submission of additional sentencing factors to the jury in this case after a determination of guilt, if appropriate, would be entirely consistent with the course of conduct approved of in these cases.

And that submission rests on the notice appropriately provided in the indictment.

In sum, the notice of additional factors notifying Fink of additional factors to be proved as a precursor to their submission to the jury is plainly justified.  The factors are relevant to sentencing and do not unfairly prejudice the accused, and if necessary in a case in which the defendant can demonstrate that he would suffer prejudice from the submission of these factors to the jury prior to the jury's guilt determination, the additional factors may be submitted to the jury after it makes that determination.  The motion to strike the notice should be denied.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney

                                  By:  /s/ William Weinreb
                                        WILLIAM D. WEINREB
                                        Assistant U.S. Attorney