UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL #03-10361-RWZ-03

_____

UNITED STATES

v.

SCOTT FINK

_____

**WITHDRAWAL OF
DEFENDANT SCOTT FINK'S MOTION
TO CONTINUE SENTENCING HEARING**

The defendant Scott Fink withdraws his motion to continue his December 8 sentencing hearing, filed earlier today. He has now received a ruling from Judge Nadeau of the Fall River District Court, a copy of which is filed herewith, and no longer needs to postpone his sentencing in this case.

Respectfully submitted,

**SCOTT FINK**

By his attorney,

/s/ Charles W. Rankin

_____
Charles W. Rankin, BBO #411780
Rankin & Sultan
151 Merrimac St., 2nd floor
Boston, MA 02114-4717
(617) 720-0011

Commonwealth of Massachusetts

Bristol, ss                                         Fall River Division
                                                    Docket #   9932CR5043
                                                               9932CR6131
                                                               9932CR6726
                                                               9932CR6889

Commonwealth

vs.

Scott Fink

### Memorandum of Decision

The defendant offered a guilty plea on the above-numbered complaints in this court on December 3, 1999. He also admitted to a violation of probation (9932CR0563) at that hearing. In short, the defendant's cases were combined ("wrapped-up") for a two and one-half (2 ½) year committed sentence. The judge who imposed the sentence is now retired. The tape recording of the hearing is no longer available.

At the hearing on the Defendant's Motion to Withdraw Guilty Plea, Mr. Fink testified that he accepted an offer to plead guilty in exchange for sentences that would run concurrent with each other. He stated there was no plea colloquy with the court and that he was not advised of his rights. An acceptance of the defendant's testimony would necessitate the conclusion that the plea hearing was constitutionally infirm.

The Commonwealth offered no testimony to rebut that of Mr. Fink. Instead, the Commonwealth places substantial reliance upon the presumption of regularity articulated in Commonwealth v. Lopez, 426 Mass. 657 (1998) and Commonwealth v. Gian, 426 Mass 667 (1998). Given that the defendant faces a sentencing enhancement in the Federal Court, his representations should be greeted with caution. His substantial criminal history and the favorable

disposition in the case under review are also worthy of consideration.

Unfortunately, this court concludes that there was no adequate colloquy with these pleas. The defendant's version of the context in which the dispositions arose is plausible. Significantly - and unlike the complaint for which the defendant had been on probation - none of the above-numbered files contains a "Tender of Plea or Admission Waiver of Rights form. The use of this form has been standard practice in the District Court since the abolition of the de novo trial system (See Distr/Mun. Cts. Rules, rule 4 (c))

The burden of proof is upon the Commonwealth to demonstrate that an adequate colloquy was conducted by the court with the defendant. There is no affidavit from the sentencing judge. Given his current association with the Bristol District Attorney, this omission is telling. The state of the evidence compels a finding in favor of the defendant.

The motions of the defendant are Allowed. These complaints shall be restored to the trial list.

So Ordered.

Gilbert J. Nadeau, Jr., First Justice

Date: 12-7-05