UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>           v.           )<br>)<br>SCOTT FINK               )<br>) | CRIMINAL NO: 03-10361-RWZ |

**GOVERNMENT'S MEMORANDUM**
**REGARDING SCOTT FINK'S CRIMINAL HISTORY**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum regarding defendant Scott Fink's criminal history.  As set forth below, the complaint giving rise to Fink's April 28, 2999, conviction for assault and battery conclusively establishes that the offense is a "crime of violence" for purposes of USSG § 4B1.1(a).  Fink must therefore be sentenced as a career offender.

Fink pleaded guilty on May 25, 2005, to a one-count indictment charging him with conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine.  At Fink's December 8, 2005, sentencing hearing, the question arose whether his April 28, 1999, conviction for assault and battery in Fall River District Court (Docket No. 9932-CR-0563) is a crime of violence within the meaning of USSG §4B1.1(a).

> Section 4B1.1(a) provides:
>
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has *at least two prior felony convictions of either a crime of violence or a controlled substance offense.*  [Emphasis added.]

Fink concedes that he has at least one prior felony conviction of a crime of violence: his July 25, 1991, conviction for assault and battery with a dangerous weapon (metal pipe).  See PSR ¶ 71. The government concedes that Fink's only other felony conviction that might qualify as a "crime of violence" is his April 28, 1999, conviction for assault and battery.  (Fink's October 28, 2002, Rhode Island simple assault conviction, see PSR ¶ 78, is not a felony conviction because the maximum penalty does not exceed one year.)

"Crime of violence" is defined in USSG §4B1.2(a), which provides in relevant part:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

The First Circuit has held that "[d]etermining whether a previous conviction represents a crime of violence necessitates a formal categorical approach. As a rule, this type of approach is restricted to an examination of how the legislature has defined the crime, without any concomitant inquiry into the details of the defendant's actual criminal conduct." United States v. Winter, 22 F.3d 15, 18 (1st Cir. 1994) (internal citations omitted). The First Circuit has also acknowledged, however, that a mere examination of how the legislature has defined a crime will sometimes be insufficient to determine whether it is a "crime of violence," because some crimes can be committed in both violent and non-violent ways. Id. at 18-19 (citing United States v. Harris, 964 F.2d 1234, 1235 (1st Cir. 1992)). In those cases, the First Circuit has held, a sentencing court should examine "the nature and object" of the offense conduct as described in the charging document. Winter, 22 F.3d at 19; accord United States v. Mangos, 134 F.3d 460, 464 ("When the state criminal statute involves different types of offenses, some arguably violent and some not, we look first to the charging document to see which type of offense is involved."); Harris, 964 F2d at 1236 (same).

The Supreme Court has taken the same approach to determining whether a prior conviction is a "violent felony" within the

meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)). See Taylor v. United States, 495 U.S. 575 (1990); Shepard v. United States, 125 S.Ct. 1254 (2005). The Shepard case, in particular, emphasized the importance of the charging document in cases where the formal elements of an offense embrace both violent and non-violent conduct. The Shepard Court held that where a statute prohibits a range of conduct, some of which falls within the definition of "violent felony" and some of which falls outside of it, the sentencing court should determine whether the charging document "narrows the charge" to conduct that falls within the definition of "violent felony." See 125 S.Ct. at 1262. If the charging document *does not* so narrow the charge, a court may examine the "jury instructions, or bench trial findings and rulings, or (in a pleaded case) the defendant's own admissions or accepted findings of fact," but it may not consider extra-record materials such as police reports. Id. at 1262-63.

The statute Fink was convicted of violating here -- M.G.L. ch. 265, sec. 13A -- embraces both violent and non-violent conduct. That statute, which is captioned "Assault or assault and battery; punishment," merely states in relevant part: "Whoever commits an assault or an assault and battery upon another shall be punished by imprisonment for not more than 2-1/2 years in a house of correction or by a fine of not more than

$1,000." The First Circuit, citing Massachusetts case law, has observed that "[t]he Massachusetts 'assault and battery' statute covers two separate crimes -- one involving actual (or potential) physical harm and the other involving a 'nonconsensual' but unharmful touching." Harris, 964 F2d at 1236. Only the former crime qualifies as a "crime of violence" for purposes of USSG § 4B1.1(a). Id.

In the case of Fink's April 28, 1999, conviction, the charging document decisively establishes that it was the type of assault and battery that involves actual (or potential) physical harm as opposed to a "nonconsensual touching." The complaint in that case charges that Fink "did assault and beat Julie Souza, in violation of G.L. c.265, s.13A." The First Circuit held in Harris that where the charging document in an M.G.L. ch. 265, sec. 13A case uses the language "did assault and beat," the assault necessarily is of "the 'physically harmful' or 'potentially physically harmful' variety." 964 F.2d at 1237. The First Circuit has repeatedly reaffirmed that holding, most recently this past August in United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005) ("[W]e have held that where a defendant is charged with simple assault in Massachusetts, and the charging document states that he 'did assault and beat' the victim, this characterization placed the offense in the harmful battery type,

5

thereby meeting the definition of a crime of violence.") (internal quotation marks omitted); United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004) (same); Mangos, 134 F.3d at 464 (same). The Estevez court made clear that this rule is unaffected by the Supreme Court's decision in Shepard. See Estevez, 419 F.3d at 82.

Attached to this memorandum are the complaint, the Tender of Plea and Waiver of Rights form, and the Criminal Docket sheet in Fink's April 28, 1999, assault case. These documents show that Fink pleaded guilty to the charge in the complaint; that he executed a signed waiver of his jury trial rights; and that he received the advice of counsel. (Indeed, when Judge Nadeau recently vacated several of Fink's other convictions on the grounds that there may not have been a proper plea colloquy or advice of rights, he indicated in his Memorandum of Decision that he *would not* have done the same in connection with Fink's April 28, 1999, assault and battery conviction, because the docket file includes a Tender of Plea and Waiver of Rights form.)

The Tender of Plea and Criminal Docket sheets also show that the Commonwealth, Fink himself, and the sentencing court all agreed that Fink should receive "batterer's counseling" as part of his sentence. This fact would only serve to confirm that the assault and battery was of the "physically harmful" or "potentially physically harmful" variety if any confirmation were

6

needed.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                            By:  /s/ William Weinreb
                                WILLIAM D. WEINREB
                                Assistant U.S. Attorney