| CRIMINAL COMPLAINT | | 9932 CR 0563 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|
| COURT DIVISION: FALL RIVER | NAME, ADDRESS AND ZIP CODE OF DEFENDANT: Scott W. Fink, 5 Merritt Ave., Tiverton, RI 02878 | | TO ANY JUSTICE OR CLERK-MAGISTRATE OF THE DISTRICT COURT DEPARTMENT: The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date and at the location stated herein the defendant did commit the offense(s) listed below. |
| DEFT. DOB AND SEX: 6/5/72 M | OFFENSE CODE(S): 605 | | |
| DATE OF OFFENSE(S): on or about 01/27/99 | PLACE OF OFFENSE(S): 91 Chavenson St. FRM | | |
| COMPLAINANT: John Champagne | POLICE DEPARTMENT (if applicable): Fall River 99-1503 | | |
| DATE OF COMPLAINT: 01/28/99 | RETURN DATE AND TIME: Arrest | | |

COUNT-OFFENSE
a. ASSAULT AND BATTERY c265 s13A
did assault and beat Julie Souza, in violation of G.L. c.265, s.13A.

COMPLAINANT X [signature]
SWORN TO BEFORE CLERK-MAGISTRATE/ASST. CLERK X [signature]
ON (DATE) 1/28/99

FIRST JUSTICE: Antone S. Aguiar, Jr.
A TRUE COPY ATTEST: X
CLERK-MAGISTRATE/ASST. CLERK
ON (DATE):
COURT ADDRESS: Old Durfee High School, 289 Rock St., Fall River, MA 02720

☐ ADDITIONAL COUNTS ATTACHED

DC CR 1 (12/95)

| TENDER OF PLEA OR ADMISSION WAIVER OF RIGHTS | DOCKET NO. 99-0563 | NO. OF COUNTS 1 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|
| INSTRUCTIONS: This form must be typed or printed clearly, completed prior to the Pretrial Hearing, signed by both counsel and submitted to the court by the defendant at or before the Pretrial Hearing. | NAME OF DEFENDANT Scott Fink | | COURT DIVISION Fall River District Court 45 Rock Street Fall River, MA. 02720 |

## SECTION I — TENDER OF PLEA

Defendant in this case hereby tenders the following: ☐ PLEA OF GUILTY  ☐ ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY conditioned on the dispositional terms indicated below. *Include all proposed terms (guilty finding, finding of sufficient facts, continued without finding, dismissal, fine, costs, probation period and supervision terms, restitution amount including the identification of the recipient of restitution, and any sentence of incarceration, split sentence or suspended sentence, etc.). Number each count and specify terms for each count separately.*

| COUNT NO. | DEFENDANT'S DISPOSITIONAL TERMS (Check "Yes" if Prosecution agrees — Check "No" if Prosecution disagrees) | | PROSECUTOR'S RECOMMENDATION (Required if Prosecutor disagrees with terms) |
|---|---|---|---|
| | 2 yrs sus for 2yrs w/ batterer's counseling | YES ☑ NO ☐ | 2yrs 6mos [illegible] 6mo S Batterers Counseling 2yrs |
| | | YES ☐ NO ☐ | |
| | | YES ☐ NO ☐ | |
| | | YES ☐ NO ☐ | |
| | | YES ☐ NO ☐ | |

WE HAVE CONSULTED WITH THE PROBATION DEPARTMENT REGARDING ANY PROBATION TERMS SET FORTH ABOVE

| SIGNATURE OF DEFENSE COUNSEL X /s/ Brian [illegible] | DATE 4/28/99 | SIGNATURE OF PROSECUTING OFFICER X /s/ [illegible] | DATE |

## SECTION II — PLEA OR ADMISSION ACCEPTED BY THE COURT

The Court ☑ ACCEPTS the tendered Plea or Admission on defendant's terms set forth in Section I, and will impose sentence in accordance with said terms, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

## SECTION III — PLEA OR ADMISSION REJECTED BY THE COURT

| The Court ☐ REJECTS the defendant's dispositional terms set forth above and, in accordance with Mass. R. Crim. P. 12(c)(6), has set forth to the defendant the dispositional terms it would find acceptable, to wit: | DEFENDANT'S DECISION IF COURT REJECTS TENDERED PLEA OR ADMISSION: ☐ Defendant WITHDRAWS the tendered Plea or Admission; the parties must complete and file a Pretrial Conference Report, a Pretrial Hearing must be conducted and a trial date scheduled, if necessary. ☐ Defendant ACCEPTS terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS. |
|---|---|

| SIGNATURE OF JUDGE ACCEPTING OR REJECTING PLEA OR ADMISSION X /s/ Antone S. Aguiar Jr. | DATE 4/28/99 | SIGNATURE OF DEFENSE COUNSEL (if rejection decision made) X | DATE |

DC-CR 22 (8/96)

**SECTION IV**    **DEFENDANT'S WAIVER OF RIGHTS (G.L.c. 263, § 6) & ALIEN RIGHTS NOTICE (G.L.c. 278, § 29D)**

I, the undersigned defendant, understand and acknowledge that I am voluntarily giving up the right to be tried by a jury or a judge without a jury on these charges.

I have discussed my constitutional and other rights with my attorney. I understand that the jury would consist of six jurors chosen at random from the community, and that I could participate in selecting those jurors, who would determine unanimously whether I was guilty or not guilty. I understand that by entering my plea of guilty or admission, I will also be giving up my right to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to testify or provide evidence against myself by asserting my privilege against self-incrimination, all with the assistance of my defense attorney; and to be presumed innocent until proven guilty by the prosecution beyond a reasonable doubt.

I am aware of the nature and elements of the charge or charges to which I am entering my guilty plea or admission. I am also aware of the nature and range of the possible sentence or sentences.

My guilty plea or admission is not the result of force or threats. It is not the result of assurances or promises, other than any agreed-upon recommendation by the prosecution, as set forth in Section I of this form. I have decided to plead guilty, or admit to sufficient facts, voluntarily and freely.

I am not now under the influence of any drug, medication, liquor or other substance that would impair my ability to fully understand the constitutional and statutory rights that I am waiving when I plead guilty, or admit to sufficient facts to support a finding of guilty.

I understand that if I am not a citizen of the United States, conviction of this offense may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

| SIGNATURE OF DEFENDANT | DATE |
|---|---|
| X [signature] | 4/28/99 |

**SECTION V**    **DEFENSE COUNSEL'S CERTIFICATE (G.L. c. 218, § 26A)**

As required by G.L. c. 218, § 26A, I certify that as legal counsel to the defendant in this case, I have explained to the defendant the above-stated provisions of law regarding the defendant's waiver of jury trial and other rights so as to enable the defendant to tender his or her plea of guilty or admission knowingly, intelligently and voluntarily.

| SIGNATURE OF DEFENSE COUNSEL | B.B.O. NO. | DATE |
|---|---|---|
| X [signature] | 567925 | 9/28/99 |

**SECTION VI**    **JUDGE'S CERTIFICATION**

I, the undersigned Justice of the District Court, addressed the defendant directly in open court. I made appropriate inquiry into the education and background of the defendant and am satisfied that he or she fully understands all of his or her rights as set forth in Section IV of this form, and that he or she is not under the influence of any drug, medication, liquor or other substance that would impair his or her ability to fully understand those rights. I find, after an oral colloquy with the defendant, that the defendant has knowingly, intelligently and voluntarily waived all of his or her rights as explained during these proceedings and as set forth in this form.

After a hearing, I have found a factual basis for the charge(s) to which the defendant is pleading guilty or admitting and I have found that the facts as related by the prosecution and admitted by the defendant would support a conviction on the charges to which the plea or admission is made.

I further certify that the defendant was informed and advised that if he or she is not a citizen of the United States, a conviction of the offense with which he or she was charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

| SIGNATURE OF JUDGE | DATE |
|---|---|
| X Antonio S. Aguiar Jr [signature] | 4/20/99 |

| CRIMINAL DOCKET | DOCKET NO. 9932 CR 0563 | | ATTORNEY NAME B SYLVIA |
|---|---|---|---|
| COURT DIVISION FALL RIVER | ☐ Interpreter Required (language:) | DATE & JUDGE 2-3-99 $2,500 Bond | DOCKET ENTRY 1/1/95 |

NAME, ADDRESS AND ZIP CODE OF DEFENDANT
Scott W. Fink
5 Merritt Ave.
Tiverton, RI 02878

- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied & Deft advised per 211D §2A
- ☐ Waiver of counsel found after colloquy

Terms of release set: $2500 CASH
- ☐ PR ☐ Bail:
- ☐ Held (276 §58A)
- ☐ See back for special conditions

| DEFT. DOB AND SEX 6/5/72 M | OFFENSE CODE(S) 605 |
|---|---|
| DATE OF OFFENSE(S) on or about 01/27/99 | PLACE OF OFFENSE(S) 91 Chavenson St. FRM |
| COMPLAINANT John Champagne | POLICE DEPARTMENT (if applicable) Fall River 99-1503 |
| DATE OF COMPLAINT 01/28/99 | RETURN DATE AND TIME Arrest |

Arraigned and advised:
- ☐ Potential of bail revocation (276 §58)
- ☒ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

Advised of right to jury trial
- ☐ Does not waive
- ☐ Waiver of jury trial found after colloquy

APR 28 1999

Advised of trial rights as pro se (Supp.R. 4)
Advised of right of appeal to Appeals Ct (R. 28

| COUNT-OFFENSE 1-ASSAULT AND BATTERY c265 s13A | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT 35 ☐ WAIVE |
|---|---|---|---|---|---|

DISPOSITION DATE & JUDGE APR 28 1999

| DISPOSITION METHOD | FINDING |
|---|---|
| ☒ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 278 §29D warning | ☐ Not Guilty ☒ Guilty ☐ Not Responsible ☐ Responsible ☐ No Probable Cause ☐ Probable Cause |
| ☐ Bench Trial ☐ Jury Trial ☐ None of the above | |

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation    ☐ Pretrial probation(276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
    ☐ Request of Deft    ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent   ☐ Nolle Prosequi  ☐ Decriminalized (277 §70C)

2yr HSS 2yrs 4/26/01
BATTERERS COUNSELLING

FINAL DISPOSITION   JUDGE   DATE
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVE |
|---|---|---|---|---|---|

DISPOSITION DATE & JUDGE

(additional empty count sections repeated)

JURY OF SIX

COURT ADDRESS
Id Durfee High School
89 Rock St.
all River, MA 02720

☐ ADDITIONAL COUNTS ATTACHED

A TRUE COPY ATTEST: X    CLERK-MAGISTRATE/ASST. CLERK    ON (DATE)

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 2/25/99 | H KB | HABITT Cont'd DUNFEE (BAIL REVIEW) | | | | | |
| 2 | 3/1/99 | L | ☐ Hold ☐ Cont'd | | | | | |
| 3 | 4/28/99 JT | JURY OF SIX 2F-08 KD | | | | | | |
| 4 | 6/28/99 | PT | ☐ Held ☐ Cont'd | | | | | |
| 5 | | | ☐ Held ☐ Cont'd | LH | | | | |
| 6 | 9/20/99 | | MAY BE BAILED FOR AN AMOUNT NOT TO EXCEED $ PER ORDER OF COURT. JOHN H. O'NEIL 1st JUSTICE | WMS ISSUED | | | | |
| 7 | | | ☐ Held ☐ Cont'd | | | | | |
| 8 | 12-3-99 | | ☐ Held ☐ Cont'd | | | | | |
| 9 | 11-21-05 | | ☐ Held ☐ Cont'd | | | | | |
| 10 | 12/12/05 | Status | ☐ Held ☐ Cont'd | | | | | |

ARR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance & jury election  T=Bench trial  J=Jury trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  PA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
DFTA=Defendant failed to appear & was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| 11-1-99 | WMS Recalled Arrest CF |
| NOV -2 1999 | Sur notice ser ACKNOWLEDGED IN VIOLATION OF THE TERMS & CONDITIONS OF PROBATION |
| DEC 3- 1999 | HEARING CUSTODY (Leonard, J) |
| | G- 2 YRS BCHC COMMITTED |
| | NM CONC w/ 99-6726 ALL FEES RMTD |
| NOV 9 2005 | |
| NOV 10 2005 | Ordered: Transportation of D to BCHC Nadeau, J. |
| 12-8-05 | D's motion to withdraw guilty plea - allowed (Nadeau) |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | ✓ WAIVED |
|---|---|---|---|---|
| JAN 28 | Legal Counsel Fee (211D §2A ¶2) | $100 | DEC 3- RMTD | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surtine (90 §24[1][a][1] ¶2) | | | |
| APR 28 1999 | Probation Supervision Fee (276 §87A) | $45.00 | DEC 3- RMTD | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |