UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10361-RWZ

_____

UNITED STATES

v.

SCOTT FINK
_____

**DEFENDANT'S MOTION FOR LEAVE TO
FILE NOTICE OF CROSS APPEAL BY FEBRUARY 27, 2006 –
ASSENTED TO**

Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, the defendant Scott Fink moves that the Court extend the time until February 27, 2006 for him to file a notice of appeal from the Court's December 20, 2005 Judgment.  In support of this motion, the defendant states:

1. On December 19, 2005, the defendant was sentenced to a term of 120 months.  Judgment entered the following day. After conferring with counsel, the defendant decided not to appeal unless the government appealed.

2. On January 18, 2006, counsel received in the mail a notice of appeal by the government. The notice was dated January 17, 2006. It was not filed electronically, notwithstanding the District Court's January 1, 2006 Electronic Case Filing Administrative Procedures, requiring that all documents (with limited exceptions not here applicable) be filed electronically.

3. Counsel did not receive notice that the notice of appeal was electronically docketed, so on January 27, 2006, (before the expiration of the ten days for defendant to cross appeal) counsel contacted this Court's docket and courtroom clerks, both of whom indicated that

they were unaware of any notice of appeal by the government that had not yet been docketed.

4. On February 15, 2006, counsel received notice of an electronic filing, dated February 15, 2006, indicating that a Notice of Appeal had been filed by Scott Fink on January 17, 2006. In fact, the attached document, Docket Entry 129, was the government's notice of appeal. From the stamp on the document, it appears that the government mistakenly filed the document in the court of appeals on January 17, 2006. A copy of the Notice of Electronic Filing and Docket Entry 129 is attached hereto as Exhibit A.

5. Under Rule 4(d) of the Federal Rules of Appellate Procedure, if a party has mistakenly files a notice of appeal in the court of appeals, the clerk's office of the court of appeals is to transmit the notice of appeal to the district court clerk's office, and it is to be treated as if it were filed on the same date it was filed in the court of appeals. The effect of Rule 4(d) is that the government's notice of appeal is deemed to have been filed on January 17, 2006. That means that under Rule 4(b)(1)(A)(ii), the defendant had ten days to file his notice of appeal – until January 27, 2006. By the time counsel received notice on February 15, 2006, it was too late to appeal.

6. Counsel wishes to pursue the defendant's right to cross appeal, in accordance with the client's wishes. In light of the government's mistake in filing the notice of appeal in the wrong clerk's office, and the delay by the court of appeals clerk's office in transmitting the notice of appeal to the district court, good cause has been shown.

9. Assistant U.S. Attorney William Weinreb has assented to this motion in light of the circumstances.

Wherefore, the defendant moves that the Court enlarge the time for filing his notice of appeal until

February 27, 2006 (which is thirty days after the expiration of the time for filing his cross appeal).

Respectfully submitted,<br>
**SCOTT FINK**<br>
By his attorney,<br>
<br>
/s/ Charles W. Rankin<br>
_____<br>
Charles W. Rankin, BBO #411780<br>
Rankin & Sultan<br>
151 Merrimac St., second floor<br>
Boston, MA 02114-4717<br>
(617) 720-0011

February 15, 2006            CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non participants on February 15, 2006.

                                      /s/ Charles W. Rankin
                                      _____
                                      Charles W. Rankin