COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    FALL RIVER DISTRICT COURT
                                                99332CR0563

```
                        )
COMMONWEALTH            )
                        )
     v.                 )
                        )
SCOTT FINK              )
                        )
```

### COMMONWEALTH'S MOTION TO CORRECT THE RECORD

The Commonwealth, pursuant to Massachusetts Rule of Criminal Procedure 32, hereby moves to correct a clerical error in the record of this case (Case No. 99332CR0563). The last line of the docket sheet currently reads, "12-8-05 D's motion to withdraw guilty plea - allowed (Nadeau, J.)." That line was written in error. In fact, no motion to withdraw guilty plea was ever filed or granted in this case. As explained below, the line most likely refers to a motion to withdraw guilty plea that was filed in four related cases: Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889. The error should be corrected by either striking the line from the docket or emending it to read: "12-8-05 D's motion to withdraw guilty plea *in 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889* - allowed (Nadeau, J.)."

Four complaints were filed against Scott Fink in Fall River District Court during the second half of 1999: Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889. At the time

those four complaints were filed, Fink was on probation in this case (Case No. 9932CR0563); consequently, he was also charged with violating his probation. On December 3, 1999, Fink pleaded guilty to the four complaints and the probation violation, and the five charges were combined, or "wrapped up," for a 2-1/2 year committed sentence.

In fall 2005, Fink moved to withdraw his guilty pleas in the four cases that were filed in the second half of 1999 (Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889), claiming that he did not receive a proper plea colloquy in those cases. The motion -- entitled "Defendant's Motion to Withdraw Guilty Plea" -- appears in each of those four case files, and the filing of the motion is reflected on each case's docket sheet. Fink *did not*, however, move to withdraw his guilty plea in this case (Case No. 9932CR0563). A motion to withdraw guilty plea does not appear in the case file for this case (Case No. 9932CR0563), and the docket sheet does not reflect that one was filed.

On December 8, 2005, the Honorable Gilbert J. Nadeau, Jr., granted Fink's motions to withdraw his guilty pleas in Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889, concluding that those pleas had not been accompanied by an "adequate colloquy." He relied on the fact that none of the case files in Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889 contained a "Tender of Plea or Admission Waiver of Rights" form.

Significantly, he contrasted those case files to the one in this case (Case No. 9932CR0563), which, he noted, *does contain* a "Tender of Plea or Admission Waiver of Rights" form.

Judge Nadeau's written Memorandum and Decision granting the motions to withdraw guilty plea is captioned with the numbers of the four cases to which it applies: Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889. It is not captioned with the number of this case -- Case NO. 99332CR0563 -- and no corresponding Memorandum and Decision can be found in the case file for this. In short, it is clear that no motion to withdraw guilty plea was ever filed or granted in this case.

There is a simple explanation for why the line "12-8-05 D's motion to withdraw guilty plea - allowed (Nadeau, J.)" was erroneously written on the docket sheet in this case. As noted earlier, the filing of the complaints in Case Nos. 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889 led to a charge that Fink had violated his probation in this case, and his guilty pleas in those four cases were tantamount to an admission that he had violated his probation in this case. When Fink's guilty pleas in those four cases were vacated, it meant that the finding of a probation violation in this case needed to be vacated as well. *But the underlying guilty plea in this case was not vacated.* That should be made clear by correcting the error in the docket.

WHEREFORE, the Commonwealth respectfully requests that the

3

Court correct the docket in this case by striking the last line entirely or by emending it to read: "12-8-05 D's motion to withdraw guilty plea in 9932CR5043, 9932CR6131, 9932CR6726, and 9932CR6889 - allowed (Nadeau, J.)."

                                        Respectfully submitted,

                                        C. SAMUEL BUTLER
                                        District Attorney

By: _____
        PAUL MACHADO
        Assistant District Attorney

### Certificate of Service

I hereby certify that on September 12, 2007, a copy of the Commonwealth's Motion to Correct Docket was sent by first class mail to Scott Fink, Register #25054-038, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887 and to Fink's last counsel of record in the Bristol District, Kevin S. Nixon, 65A Atlantic Avenue, Boston, MA 02110.

_____
PAUL MACHADO