UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10361-RWZ

_____

UNITED STATES

v.

SCOTT FINK

_____

**DEFENDANT'S SENTENCING MEMORANDUM**

The Court is thoroughly familiar with Mr. Fink's case, having previously presided over two sentencing hearings. The case has now been remanded after the court of appeals rejected the defendant's appeal and accepted the government's appeal so that the government could seek to prove the defendant is a career offender.

The defendant reasserts the objections that he previously made in order to preserve those issues for appellate review in the future.

Based on the government's filing, it appears that the government can prove that the defendant is a career offender, based on the 1990 Superior Court conviction (PSR ¶ 71) and the 1999 conviction of simple assault and battery (PSR ¶ 72).[1]

The defendant contends that he should not receive a sentence within the career offender guideline range, which is 262-327 months. There are several reasons for this:

First, Mr. Fink was merely a runner for the Melo drug organization, for a period of about five

---

[1] The defendant has previously objected that assault and battery is not necessarily a crime of violence, because it can be accomplished in a violent and a non-violent manner. The defendant understands that the court of appeals has had an en banc petition under advisement since September 26, 2007, in United States v. Holloway, Nos. 05-2229, 05-2230, considering this issue. The defendant therefore objects to treating him as a career offender, since there is no proof that he committed the violent sort of assault and battery.

weeks. Thus, his culpability is far less than that of defendants Melo and Warren, who received sentences of 240 months and 120 months, respectively. Two other runners, defendants Briggs and Paiva, received sentences of 18 months and a year and a day, respectively.[2]

Second, the ordinary career offender range of 188 to 235 was enhanced because of an 851 notice, which has the effect of doubling the mandatory minimum sentence from 5 years to 10 years, and the statutory maximum from 40 years to life. It also dramatically increases the guideline range, to 262-327 months. Yet the reason for the 851 notice is a Rhode Island conviction for simple possession of cocaine.[3] While Congress intended to punish recidivist offenders using 851, increasing the low end of the guideline range from 188 months to 262 months is extremely harsh for merely possessing an eight ball of cocaine.

Third, both the courts and the Sentencing Commission itself have recognized that the career offender guidelines will sometimes overstate the seriousness of the defendant's criminal record. USSG 4A1.3 encourages a downward departure. "This policy statement recognizes that the criminal

---

[2]   Three defendants in a somewhat related case, which led the government to this case, received significant downward variances from the career offender guidelines. See United States v. Ennis, 468 F. Supp. 2d 228 (D. Mass. 2006)(Gertner, J.). The defendant Nicholson received a sentence of 151 months, down from 262 to 327. The defendant Sardina received a sentence of 84 months, down from a guideline range of 262 to 327 months. The defendant Ennis received a sentence 100 months, down from the same 262 to 327 month range. Judge Gertner also has an enlightening discussion of the unfairness of the career offender gudieline as applied to those guidelines.

[3]   The defendant has objected to the use of that enhancement, based on several grounds. First, it was not presented to a grand jury; second, it was not proven to a jury; third, it was not proven beyond a reasonable doubt; fourth, it was part of the instant offense, since it was close in time to the charged conspiracy and it was in the same geographic area and involved the same drug and way of packaging (an eight ball). The defendant contends that he is entitled to an evidentiary hearing on this issue, pursuant to 21 U.S.C. § 851, at which the government would bear the burden of proving beyond a reasonable doubt that this conviction was not part of this offense.

history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur." (Background note to USSG 4A1.3).

Fourth, the Supreme Court has recognized that some guideline provisions are not entitled to as much deference as others because they are not based on the empirical study of 10,000 sentencings conducted by the Commission. Kimbrough v. United States, 128 S. Ct. 558, 575 (2007); Gall v. United States, 128 S. Ct. 586, 594 n.2 (2007):

> Notably, not all of the Guidelines are tied to this empirical evidence. For example, the Sentencing Commission departed from the empirical approach when setting the Guidelines range for drug offenses, and chose instead to key the Guidelines to the statutory mandatory minimum sentences that Congress established for such crimes. See United States Sentencing Commission, Guidelines Manual § 1A1.1 (Nov.2006) (USSG). This decision, and its effect on a district judge's authority to deviate from the Guidelines range in a particular drug case, is addressed in Kimbrough v. United States, --- U.S. ----, 128 S. Ct. 558, 169L.Ed.2d 481, 2007 WL 4292040.

There is a remarkable disparity between the guideline sentence Mr. Fink would have received in the absence of career offender treatment. At the last sentencing hearing the court calculated that Mr. Fink's offense level was 23 and his criminal history category was IV, yielding a range of 70 to 87 months.

Fifth, as the presentence report demonstrates, and as the psychological report of Dr. John Daignault confirms, Mr. Fink is a pitiful individual. He was abused as a child. He has limited intellectual and emotional functioning. He has a history of three suicide attempts. Yet he has the potential to lead a law-abiding life. Both reports note that Mr. Fink did well when he work for an individual outside the Fall River area.

## RECOMMENDATION

The defendant recommends that the Court impose a sentence of 120 months, followed by a

period of eight years of supervised release. That sentence is certainly adequate punishment for Mr. Fink.

        Respectfully submitted,
        **SCOTT FINK**
        By his attorney,

        /s/ Charles W. Rankin
        _____
        Charles W. Rankin, BBO #411780
        Rankin & Sultan
        151 Merrimac St., second floor
        Boston, MA 02114-4717
        (617) 720-0011

May 22, 2008        <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non participants on May 22, 2008.

        /s/ Charles W. Rankin
        _____
        Charles W. Rankin